# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONE S. COTO,<br>          Petitioner, | |
| vs. | Civil Action No. 14-1687<br>Chief Magistrate Judge Maureen P. Kelly |
| MIKE WENEROWICZ; KATHLEEN G.<br>KANE *Attorney General of the State of*<br>*Pennsylvania,*<br>          Respondents. | |

## OPINION AND ORDER

Ramone S. Coto ("Petitioner") is a state prisoner who has filed a Petition Under 28 U.S.C. § 2254 by a Person in State Custody (the "Petition"). ECF No. 5. Petitioner seeks to challenge his convictions for, *inter alia*, two counts of second degree murder and burglary. Petitioner was sentenced to two concurrent terms of life imprisonment for the second degree murder convictions.

Petitioner raises three grounds for relief. The first ground is that his Sixth Amendment right to confront witnesses against him was violated when the autopsy report was introduced at his trial but the forensic pathologist who authored the report was not called as a witness. The second ground is related, in that Petitioner contends that his trial counsel were ineffective for not objecting to the introduction of the autopsy report without the forensic pathologist being called as a witness. Lastly, in the third ground, Petitioner contends that his trial counsel were ineffective for failing to object to the testimony of the witness who identified Petitioner as the shooter, the witness being a surviving victim of the shooting. Because Petitioner never presented these grounds to the state courts, he has procedurally defaulted all three grounds. Furthermore, because he fails to even argue an exception applies to his procedural default, he fails to

overcome the procedural default of these grounds, and the Petition will be dismissed and a Certificate of Appealability will be denied.

## I. FACTUAL BACKGROUND

The Pennsylvania Superior Court previously summarized the relevant facts of this matter as follows:

> In February, 2005, Kevilin Middleton hosted a birthday party at his residence at which he arranged an exotic dancing performance. When the exoctic [sic] dancers arrived, a dispute arose over the dancers' appearance and Middleton ultimately refused to pay the dancers. After the distraught dancers made a frantic phone call, four armed men, including Coto, arrived at the residence, and commenced shooting. Middleton sustained multiple gunshot wounds and two others were killed. Middleton later identified Coto as the individual who shot him.
> 
> Coto was arrested and charged with two counts of murder in the second degree, criminal attempt, criminal conspiracy, aggravated assault, and burglary. Coto claimed in a statement made to police that he never entered the party, but was intoxicated and had passed out in the back of a van while waiting to go home when the shooting occurred. Following a non-jury trial, at which Coto was tried jointly with his co-defendants, Coto was convicted of two counts of second degree murder and one count of burglary. On April 18, 2008, the trial court sentenced Coto to two concurrent terms of life imprisonment for the murder charges, and a consecutive three to six year term of imprisonment for burglary. On appeal, this Court affirmed Coto's judgment of sentence and the Pennsylvania Supreme Court denied allocatur. *Commonwealth v. Coto,* 998 A.2d 1009 (Pa. Super. 2010) (table), *appeal denied,* 610 Pa. 591, 20 A.3d 483 (2011).

Commonwealth v. Coto, No. 24 WDA 2013, 2014 WL 10986805, at *1 (Pa. Super. Ct. Feb. 28, 2014) (footnotes omitted).

## II. PROCEDURAL HISTORY

Proceeding pro se, Petitioner filed the Petition, ECF No. 5, and a Memorandum of Law in Support. ECF No. 6. In that Memorandum of Law, Petitioner raised three issues:

> [Ground One] The petitioner['s] Sixth Amendment Rights to confront and cross- examine the forensic pathologist, Dr. Shaun Lasham [sic] were completely violated by the commonwealth's failure to produce his live in court testimony. Where a constitutional violation is the circumstances [sic] of the particular case,

2

so undermined the truth-determining process that no adjudication of guilt or innocence could have taken place.

Id. at 1.

> [Ground 2] Trial counsel Richard J. Narvin Esquire and Frank Walker, Esquire Both Rendered ineffective assistance for Their failure to challenge and/or object To the commonwealth introduction of Dr. Shaun Ladham autopsy report and Autopsy protocol without requiring that Said testimony be given so as to afford Petitioner with an [sic] real opportunity to Challenge this evidence by way of Cross-examination.

Id. at 4.

> [Ground 3] Trial counsel Richard J. Narvin Esquire and Frank Walker, Esquire Both Rendered ineffective assistance for Failure to Challenge and Objection to the[e] In Court Identification of the Only Commonwealth witness who Described Mr. Petitioner as an active participant and place him inside of the House at the time of The incident.

Id. at 7 (capitalization sic throughout).

Respondents filed an Answer, correctly pointing out that Petitioner had procedurally defaulted all of his claims and that he did not overcome the procedural default by showing cause and prejudice. ECF No. 19. Respondents also caused the original state court record to be transmitted to the Clerk of Courts. Petitioner did not file a traverse and apparently does not contest that he procedurally defaulted his three grounds for relief by failing to raise them in the state courts.

All parties have consented to have the United States Magistrate Judge exercise plenary jurisdiction. ECF Nos. 9 and 13.

## III. DISCUSSION

### A. Petitioner Procedurally Defaulted all of his Grounds for Relief.

Respondents correctly point out that Petitioner never raised Grounds 1, 2 and 3, in the state courts.[1] Consequently, we find that Petitioner has procedurally defaulted all of his claims raised in this Court as grounds for relief in these federal habeas proceedings.

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to

---

[1] See, e.g., Petitioner's Brief on direct appeal where he raised only the following three issues:

1. Whether the three year delay between the filing of the criminal complaint and a guilty verdict violated appellant's right to a speedy trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 9 of the Pennsylvania Constitution?

2. Whether the evidence presented at trial was sufficient to prove appellant guilty, beyond a reasonable doubt, of second degree murder as a princip[al], accomplice, or a conspirator?

3. Whether the verdict was against the weight of the evidence?

See ECF No. 19-3 at 2.

In the PCRA Appeal to the Superior Court, Petitioner only raised the following two issues in his brief:

I. Did the PCRA court err or abuse its discretion when it dismissed Appellant's PCRA Petition wherein Appellant alleged the ineffective assistance of trial counsel for failing to locate, interview and investigate witness William Brown, driver of the van used for transportation to Penn Hills on the night of the shooting at issue herein?

II. Is Defendant's sentence is [sic] illegal based on Defendant being sentenced to a period of life for Second Degree Murder and a consecutive period of incarceration at the Burglary count which should have merged for sentencing?

ECF No. 19-4 at 49.

4

address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes). The United States Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief." Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), *overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992). See Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997).

### B. Neither Exception to Procedural Default is Applicable.

There are two exceptions to the procedural default doctrine. A federal legal issue that was not properly raised in the state courts and, therefore, procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default. Wainwright v. Sykes. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488 (1986)." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard

essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted). The second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In Werts, the United States Court of Appeals for the Third Circuit explained this exception as follows:

> [I]f the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [*Murray v. Carrier*, 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Id.

Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law. See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995) (requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998). Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally defaulted claim with prejudice. See, e.g., Wainwright v. Sykes; McClain v. Deuth, 151 F.3d 1033 (Table), 1998 WL 516804, at *2 (7th Cir. 1998); Redeagle-Belgarde v. Wood, 199 F.3d

1333 (Table), 1999 WL 985164, at *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, at *3 n.3 (7th Cir. 1994); Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, at *3 (10th Cir. 1993).

Petitioner does not deny, and indeed, on the record before this Court, could not reasonably deny that he has procedurally defaulted his three grounds for relief. Moreover, given that he does not address the issue of procedural default, Petitioner does not argue, as is his burden,[2] that there is cause and prejudice to excuse his procedural default or that he comes within the actual innocence exception. Accordingly, we find that the three Grounds for Relief to have been procedurally defaulted and that Petitioner has failed to show cause and prejudice or a miscarriage of justice as is his burden.[3]

---

[2] Suber v. Kerestes, No. CIV.A. 09-1049, 2011 WL 500763, at *3 (W.D. Pa. Feb. 10, 2011) ("Because Petitioner has not shown, as is his burden, cause and prejudice to excuse the default of this claim, nor has he established a miscarriage of justice, this claim cannot be addressed on the merits and thus, cannot serve to afford Petitioner relief from his convictions.") (footnotes omitted).

[3] To the extent that Petitioner would raise a claim under Martinez v. Ryan, __ U.S.__, 132 S.Ct. 1309 (2012), that the alleged ineffective assistance of his PCRA counsel provides "cause" to excuse his procedural default of the three grounds for relief raised herein, we find that Respondents have correctly explained in their Answer, ECF No. 19 at 29 – 45, that Petitioner could not show under Martinez that the claims of trial counsel's alleged ineffectiveness were "substantial" within the contemplation of Trevino v. Thaler, 133 S.Ct. 1911, 1918 (2013). As the United States Court of Appeals for the Third Circuit explained in Jones v. Pennsylvania Bd. of Prob. & Parole, 492 F. App'x 242, 244-45 (3d Cir. 2012): "With respect to what constitutes a 'substantial' claim, the Court suggested, by citing Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue), that courts should apply the standard for issuance of certificates of appealability." Accord Branthafer v. Glunt, No. 3:14-CV-294, 2015 WL 5569128, at *16 (M.D. Pa. Sept. 22, 2015) ("a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.' 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The determination requires an overview, not full consideration of the factual and legal bases of the claims.") (some internal quotations omitted).

**IV. CONCLUSION**

Accordingly, because Petitioner has procedurally defaulted all of his Grounds for Relief, and has failed to carry his burden to show cause for such procedural defaults or to show a miscarriage of justice, the following order is entered:

AND NOW, this 8th day of June, 2017, it is hereby ORDERED that the Petition is DISMISSED. Furthermore, because reasonable jurists would not find the foregoing debatable, a Certificate of Appealabity is DENIED.

BY THE COURT:

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Ramone S. Coto
HN-4578
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244

Counsel of Record via CM-ECF